Wilde J.
delivered the opinion of the Court. The defendants rely on a supposed defect in substance in the declaration, namely, that it does not appear that a demand of an order for payment was made at a stated or regular meeting of the county commissioners. We do not think that the plaintiff is bound to aver that the demand was made upon them at any stated meeting. It is sufficient that the contrary does not appear. The time alleged in the declaration is not material, and the plaintiff would not be confined to it Besides, he demand *564 might have been made, for aught that appears to 'the contrary *n 'he pleadings, at a stated meeting held by adjournment. We are of opinion, therefore, that the demand of payment is set forth with sufficient certainty. Whether it was made at the proper time and place, is a matter of proof.
But we think that if it did appear, as the fact is said to be, that the demand was not made at a stated meeting, it would be no valid objection to the plaintiff’s title. By Si. 1827, c. 77, § 3, the commissioners are required to meet at stated times “for the discharge of the duties of their office.” But they may have intermediate meetings, at such times and places as they in their discretion may determine. At these intermediate meetings many of their duties of office may be, and some of them must be, considered and determined. This manifestly appears by the 7th and 9th sections. At these intermediate meetings the commissioners are authorized to view roads, on application to lay out, alter or discontinue the same. And at the time of such view they may hear the parties, “and consider and adjudicate upon the common convenience and necessity of laying out, altering or discontinuing such roads as prayed for.” “And when they shall order any highway or road to be laid out, or altered, they shall perform all the duties by law required of committees for laying out highways.” And no doubt, from the nature of the duties required, the commissioners may view roads at such intermediate meetings, to determine whether they have been worked and completed according to contract; and we think there can be no doubt a road may be accepted at such a meeting ; and there seems to be no good reason why a demand of an order for payment may not be properly made at the same meeting. There is nothing, we apprehend, in the 7th section in opposition to this position.
The declaration was adjudged sufficient, and interest was allowed from the 8th of October, 1829.